# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2007

Charles R. Fulbruge III
Clerk

No. 07-40384
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LAMBERTO ROMAN-SALGADO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1222-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Lamberto Roman-Salgado appeals the sentence following his guilty-plea conviction for possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841. Ramon-Salgado argues that the district court failed to make adequate factual findings to support its decision to deny him safety valve relief and that the district court erred in denying him safety valve relief based upon its erroneous conclusion that the Government's objection to the safety valve barred it from granting or even considering the safety valve.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although application of the safety valve pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 was addressed during Roman-Salgado's sentencing hearing, Roman-Salgado did not challenge the reason the district court gave for denying the safety valve or the failure of the district court to make any factual findings in connection with its denial of the safety valve. Accordingly, we review those particular issues for plain error. See Unites States v. Perez, 484 F.3d 735, 744 (5th Cir. 2007); United States v. Rodriguez, 15 F.3d 408, 414-15 (5th Cir. 1994).

The Government's objection to the application of the safety valve did not preclude the district court from considering the safety valve. See § 5C1.2(a)(5); see also § 3553(f)(5); cf. U.S.S.G. § 5K1.1. Accordingly, the district court's belief that it did not have the authority to consider the safety valve was error that was plain. Because of the error, the district court failed to factually develop whether Roman-Salgado was entitled to the safety valve. Given the lack of factual development of the record, it is impossible to determine whether the district court's error affected Roman-Salgado's substantial rights. Therefore, Roman-Salgado's sentence is vacated and the case remanded for resentencing for the district court to consider whether he is entitled to the safety valve and resentence him accordingly. See United States v. Butler, 988 F.2d 537, 543-44 (5th Cir. 1993)

We note that the judgment mistakenly states that Roman-Salgado was convicted pursuant to 21 U.S.C. §§ 841 and 846. The record reflects that Roman-Salgado pleaded guilty to a violation of § 841, but that the conspiracy count under § 846 was dismissed. Accordingly, on remand, the district court is directed to correct the judgment to reflect that the only offense of conviction is 21 U.S.C. § 841.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING AND FOR CORRECTION OF CLERICAL ERROR